# DUPUY v. ROEBUCK.

1. An action for money had and received will lie to recover back money paid upon a judgment which has been since reversed, unless the retention of the money by the defendant, is consistent with equity and good conscience. But the equitable right to retain must grow out of, or be connected with the case in which the judgment is vacated; if the defendant has another cause of action in which he will be entitled to recover as much as he retains, he must become the actor in a suit, and have his damages ascertained by a judgment.

2. *Semble*—The plaintiff may recover in an action upon the covenant of warranty, though he voluntarily yielded to a dispossession, provided the title to which he yielded was a good title, and paramount to that of the warrantor.

Writ of error to the Circuit Court of Jefferson.

THIS was an action of assumpsit, at the suit of the defendant in error against the plaintiff. The declaration contains two counts. In the first it is alledged that the defendant below recovered a judgment against the plaintiff, on, &c., in, &c., for the sum of, &c., which judgment was reversed by this Court, on, &c., and the cause remanded; that previous to the reversal of that judgment, an execution was placed in the sheriff's hands, requiring him to make the amount thereof, and the same was satisfied by the plaintiff in this action. It is then stated that the defendant below submitted to a non-suit in that case; in consideration whereof, he became liable to refund the amount paid to the sheriff, and thereupon promised, &c. The second count is for money had and received, &c.

The cause was tried on the pleas of non-assumpsit and set off. On the trial, the defendant excepted to the ruling of the Court. It is shown by the bill of exceptions, that the plaintiff having proved the truth of the allegations, contained in the first count of the declaration, rested his case.

On the part of the defendant, it was proved that the land described in the deed set out in Roebuck v. Dupuy, 2 Ala. Rep. 535, had, before the sale by the plaintiff to the defendant, been mortgaged by John Brown to the American Asylum, &c., on the 1st March, 1821, to secure a debt therein named. Brown

also sold the same land to the plaintiff. At the time the deed was delivered from the plaintiff to the defendant, the former said, you must look to Brown to discharge the mortgage, the defendant said, Brown is not good, and the plaintiff replied, "if he is not, I am." The witness who narrated this conversation, said he considered Brown good at that time, that he had lent him money, which he repaid.

Brown failed to pay the debt to the Asylum, and the defendant discharged the same in 1838, in order to disencumber the land from the mortgage; and brought an action against the plaintiff below, for a breach of the covenant implied from the words "grant, bargain and sell," contained in the deed; alledging as a breach the mortgage by Brown, and the payment of the debt by the defendant below.

The Court charged the jury, that conceding the truth of all the testimony in the cause, and it did not furnish a defence to the action. A verdict was returned for the plaintiff, and judgment rendered accordingly. ·   ¹

E. W. PECK, for the plaintiff in error, insisted, that Dupuy was entitled in equity and good conscience, to retain the money he had received on the judgment which was reversed; and consequently he cannot be compelled by suit to refund it.

W. S. MUDD, for the defendant in error. The judgment which was reversed, must be regarded as a nullity, and Dupuy be treated as the holder of money which should be paid over to Roebuck, as its legal proprietor. Dupuy paid the debt to the Asylum in his own wrong, or at least under circumstances that does not authorize him to look to Roebuck for reimbursement. If he had intended to resort to the covenant in his deed, he should have submitted to an eviction. [1 Ala. Rep. N. S. 273; Id. 622; Id. 645; 2 Id. 535; 4 Id. 700.]

The money has been wrested from Roebuck, if not by fraud, certainly by force of an execution issued upon a judgment improperly obtained, and the law will not allow him to retain it. [8 Porter's Rep. 351.] If Roebuck should fail in the present case, he would have no remedy against Brown upon the covenant in the deed of the latter. The voluntary payment of Dupuy to the Asylum, would operate to deprive Roebuck of such a remedy.

COLLIER, C. J.—In Duncan v. Ware's Ex'rs. 5 Stewt. & P. Rep. 119, it was held that assumpsit for money had and received, would lie, to recover back money paid upon a judgment which was afterwards reversed. But in that case, as the reversal was for irregularity merely, and the debt was justly due, the defendant was permitted to retain the money. A similar decision was made in Green v. Stone, 1 H. & Johns. Rep. 405, where it was said that the plaintiff could not recover, unless the retention of the money by the defendant was contrary to equity and right; the defendant may resort to any equitable or conscientious defence to repel the claim of the plaintiff, and may show the justice of his original claim; so the plaintiff may prove, that he is not in law or justice liable to pay the same. "A judgment reversed, becomes mere waste paper, and the rights of the party, immediately on the reversal, are restored to the same situation in which they were, prior to the pronouncing of the judgment so reversed." In Clark v. Pinney, 6 Cow. Rep. 297, it was said, when money is paid upon an erroneous judgment, which is subsequently reversed, "the legal conclusion is irresistible, that the money belongs to the person from whom it was collected. Of course he is entitled to have it returned to him." And the action, it was determined, could be maintained, although, upon the reversal of the judgment, the cause was remanded, and was still pending in the primary court. [Strange v. Allis & Lee, 10 Wend. Rep. 354; see, also, Lazell v. Miller, 15 Mass. Rep. 207; Isom v. Johns, 2 Munf. Rep. 272: Homer v. Barrett, 2 Root's Rep. 156; Duncan v. Kirkpatrick, 13 Serg. & R. Rep. 292; Jamaica v. Guilford, 2 Chip. Rep. 103; Dennett v. Nevers, 7 Greenl. Rep. 399; Hamilton v. Aslin, 3 Watts' Rep. 222.]

The action of assumpsit for money had and received, has been sometimes assimilated to a bill in equity, and the true test to the plaintiff's right to recover, said to depend upon the fact, whether the defendant can, in equity and good conscience, retain the money sought to be recovered. Although the law is thus generally stated, the adjudged cases show what is meant by an equitable right to retain money paid upon a judgment, which was afterwards reversed. It must grow out of, or be connected with, the case in which the judgment was vacated. Thus the party who has received the money, may show that

he is entitled to recover for the cause alledged, though he mistook the appropriate remedy, or irregularities intervened which made it erroneous. But it is not permissible to justify the retention, by showing that the party has another cause of action, in which he will be entitled to recover as much as he received and retains. Such a defence could not be entertained, consistently with principle, unless it embraced a demand that was a proper subject of set off. If it was a breach of covenant for quiet enjoyment, or other unliquidated demand, distinct from the case in which the money was paid, it could not be interposed as a bar to the action. In such case, to make his demand available, the defendant must become the actor in a suit, and have the damages he has sustained, ascertained by a judgment.

In the case in which the judgment was reversed, the declaration alledged that the act of 1803 "respecting conveyances," made the legal effect of the words "grant, bargain and sell," contained in a deed conveying lands in fee simple, a covenant that the grantor "was seized of an indefeasible estate, in fee simple, in the premises, freed from incumbrances done or suffered from the defendant;" and alledges as a breach, the execution of the mortgage by Brown to the Asylum, in 1821, and its payment by Dupuy in 1838. We held, that the words employed by the statute, did not import an absolute or general covenant of seizin, against incumbrances, and for quiet enjoyment, but amount to a covenant only, against acts done or suffered by the grantor and his heirs. The right to retain the money, is not urged upon the ground, that, that action could have been supported; but it is supposed that what was said by the plaintiff in the present case, at the time he delivered the deed to the defendant, and his liability to the defendant upon his covenant of warranty, if he had been ousted, authorize him to resist a recovery. The remark of Roebuck, that, if Brown was not good and able to discharge the mortgage, certainly added nothing to his obligation to maintain his vendee in the quiet enjoyment of the land; for this he had stipulated to do, by his covenant of warranty.

The view we have taken of the case, would, perhaps, relieve us from the necessity of inquiring what state of fact must be shown to entitle Dupuy to sue upon the express covenant contained in the deed from Roebuck. We may, however, remark,

that it has been said the plaintiff can recover in an action upon the covenant of warranty, though he may have voluntarily yielded to a dispossession, provided the title to which he yielded was a good title, and paramount to that of the warrantor. There is no necessity for involving himself in a law suit in making defence against a title, which he is satisfied must ultimately prevail. He consents, however, at his own peril. If the title to which he has yielded, be not good, he must abide the loss; and in a suit against the warrantor, the burden of proof will be on the plaintiff.

So, where land sold with a covenant of warranty, had been previously mortgaged, it was held that an ouster, or expulsion, was equivalent to an eviction by legal process; and so was any lawful disturbance, or interruption, by a stranger having a paramount title. But it was necessary that some particular act should be shown, by which the plaintiff was interrupted; otherwise the breach of covenant for quiet enjoyment would not be well assigned. If a demand was made, the plaintiff, it was said, might yield to the dispossession; and that such an ouster would entitle him to his remedy on the covenant of warranty. Such an act, by a lawful and paramount claim, would disturb the enjoyment of the possession; and the plaintiff, being compelled to purchase in, another title, for his own security, would be authorized to reimburse himself, by suing for a breach of covenant. [2 Lomax on Real Property, 273, 274; see, also, Hamilton v. Cutts, 4 Mass. Rep. 349; Sprague v. Baker, 17 Mass. Rep. 586; Mackey v. Collins, 2 Nott & McC. Rep, 186; Furman v. Elmore, Id. 189; Day v. Christian, 10 Wheat. 449.]

Assuming the law to be as liberal as we have stated it, *the facts disclosed in the record* do not show that the defendant has a right of action upon the express covenant in his deed. This being the case, he has no pretence for insisting upon a retention of the money received on the reversed judgment. Whether the defendant discharged the mortgage to the Asylum, under such circumstances as entitles him to recover the amount of his vendor, by a suit either at law or in equity, we need not inquire. That question he will be able to solve, by a reference to the facts that he can establish by proof.

The consequence of what we have said, is, that the judgment of the Circuit Court must be affirmed.