Simmons, adm'r, v. Price, adm'r.

~~~~~~~~~~

SIMMONS, ADM'R *vs.* PRICE, ADM'R.

1. The reversal of a judgment restores the parties to the condition in which they stood before it was rendered.
2. The final settlement of his administration by an administrator *de bonis non*, without a discharge from the trust, does not divest him of the power to call upon the former administrator for a settlement of his accounts.

ERROR to the Orphans' Court of Benton.

J. B. MARTIN, for the plaintiff:

1. By the act of 4th February 1846, the administrator *de bonis non* is authorised to cite the former administrator to a settlement in the Orphans' Court.

2. Where the amount of a judgment recovered in an inferior court has been collected by the plaintiff, and the judgment is subsequently reversed by this court, *prima facie*, the defendant in the judgment is entitled to recover back the money so paid, and the plaintiff is remitted to all his original rights and remedies against the defendant.—Greene v. Stone, 1 H. & Johns. 405; Stewart v. Conner, 9 Ala. 803; Dupuy v. Roebuck, 7 ib. 484; Clark v. Pinney, 6 Cow. 297.

3. It is not shown by the record that Simmons was finally discharged by the order of the judge of the Orphans' Court, nor was he. He was still responsible as administrator, for any assets which might come to his hands, and is entitled to pursue all the statutory remedies against former administrator, and all others who have the assets of his intestate.—Thompson & Hayne v. Blackwell, 5 S. & Port. 181; Norman v. Norman, 3 Ala. 389; Thrash v. Sumwalt, 5 Ala. 15.

No counsel for the defendant.

DARGAN, C. J.—James S. Simmons, administrator *de bonis non* of William Burns, deceased, cited William C. Price, administrator-in-chief, to appear before the Orphan's Court and make a final settlement of his accounts as administrator. The administrator-in-chief appeared at the time appointed and moved the court to dismiss the citation for the following reasons: On the 6th day of September 1844, the administrator *de bonis non* cited him to make a final settlement of his administration, and upon such settlement, a decree was rendered against him in favor of the administrator *de bonis non*, for nineteen hundred and eighty-two dollars and sixty-eight cents; execution issued upon this decree and was returned no property, whereupon, an execution was issued against the securities of Price, and the money made from Williams, one of the securities; after the collection of the money, a writ of error was prosecuted to the Supreme Court, and the decree reversed, but before the suing out of this writ of error, James L. Simmons had filed his accounts and vouchers

for a final settlement of the estate, in which he had charged himself with the amount collected on the decree against Price and his securities, and a final settlement had actually taken place, and he had paid over to the distributees the amount ascertained to be in his hands, but it does not appear that any order was made by the Orphans' Court, discharging the plaintiff from his office as administrator. On these facts, the Orphans' Court dismissed the petition, which is here assigned for error.

When a judgment is reversed, the rights of the parties are immediately restored to the same condition in which they were before its rendition, and the judgment is said to be mere waste paper.—Dupuy v. Roebuck, 7 Ala. 484, and cases there cited. The plaintiff, therefore, had the right to call on the defendant again to make a final settlement of his administration after the decree of final settlement was reversed, unless the final settlement, made by him in the interim between the rendition of the decree against Price and its reversal in this court, deprives him of that right. But this cannot, in our opinion, affect his right to require the administrator-in-chief to make a final settlement of his accounts. Although the administrator *de bonis non* did make a final settlement, it does not appear that he was discharged from his office, and it is the settled doctrine of this court, that the functions of an administrator or executor do not necessarily cease, even with the Orphans' Court or the distributees of the estate, upon making a final settlement.—Norman v. Norman, 3 Ala. 389; 5 S & Port. 181; Trash v. Sumwalt, 5 Ala. 15. What would have been the effect of an order finally discharging the administrator from his office, under the circumstances disclosed by this case, it is not necessary to examine, but in the absence of such an order there can be no doubt of his right to bring the administrator-in-chief to a final settlement, notwithstanding the administrator *de bonis non* had himself made a final settlement, and paid over the amount ascertained to be in his hands. Let the judgment be reversed, and the cause remanded for further proceedings.

CHILTON, J., having been of counsel, did not sit in this case.