## JONES, ADM'R. *vs.* DYER AND WIFE.

1. In revising a decree of the Court of Probate, it is competent for the Appellate Court to declare the proceedings regular to a certain point, and to reverse from the point where the first irregularity or error commenced.

2. But when the decree is generally reversed and remanded, the effect of the judgment of reversal is to vacate the decree *in toto*, and the parties affected by it then stand in precisely the same position as if it had never been rendered.

3. Therefore, when a decree of the Court of Probate, rendered on the final settlement of an administrator's accounts, is generally reversed and remanded by the Appellate Court, the administrator may introduce additional evidence, on another settlement, to discharge himself of an item with which he was charged on the former settlement, and with which the Appellate Court held he was properly chargeable on the evidence then before the court.

4. To authorize the Appellate Court to reverse a judgment on account of any supposed erroneous decision of the court below, in the rejection of evidence, it must be shown that the fact intended to be established by such evidence was material to the decision of the case then under consideration before the court; and the party excepting to such decision must, in his bill of exceptions, state sufficient to show the relevancy or materiality of the alleged erroneous decision to the case under consideration, at the time such decision was made.

ERROR to the Court of Probate of Limestone.

On the final settlement of the estate of Patroclus Lewis, deceased, by Samuel J. Jones, the administrator, the latter was charged with an item of $1,200, for a balance due on a note for a large amount, made by one Samuel Jordan, deceased, and payable to said Lewis. On error brought by the administrator, the Supreme Court held that he was properly charged with that item, but the decree of the Court of Probate was reversed and remanded on account of error in another item. See 16 Ala. 221. On another settlement in the Court of Probate, the administrator offered the deposition of a witness who had not been examined on the previous settlement, for the purpose of making additional proof as to the disputed item of $1,200; but the court rejected the deposition, on the ground that the opinion and judgment of the Supreme Court previously rendered in the cause was conclusive upon the matter embraced in the deposition. The administrator excepted to the ruling of the court, and now assigns for error the rejection of the deposition, and the charging him with the $1,200.

The account which is set out in the record contains these two items of charge in favor of the estate against the administrator:

"Jan'y 1. By cash received of Mrs. Eliza Jordan on balancing accounts, allowing $250, wages *per an.* for '42, '43 and '44, to August 16, 1844, to P. Lewis, as due on the 1st January of each year, and crediting him by prin. and int. of Samuel Jordan's note to Jan. 1, '45, excepting the $1,200 claimed by administrator as a credit, and crediting Mrs. Jordan by all her accounts," &c...............

"1844, August 14. By credit of $1,200 entered on note of Samuel Jordan, (signed A. W. per instructions of P. Lewis,) less a credit of $66 08 paid by Mrs. Jordan Dec. 12, 1842, and interest to August 14, 1844, and a credit of $37 87, paid by S. J. Jones, June 14, 1844, and interest to August 14, 1844, leaving a balance of..................$1,081 53"

The contents of the deposition are set out in the opinion.

C. C. CLAY, Jr. for plaintiff in error:

1. The judgment of the Supreme Court reversing and remanding the cause was equivalent to granting plaintiff a new trial; the parties were thereby placed in the position in which they were before any judgment was rendered. Dupuy v. Roebuck, 7 Ala. 484; Simmons, Adm'r. v. Price, Adm'r. 18 ib. 405.

The cases of Johnston v. Glasscock (2 Ala. 218) and *Ex Parte* Sibbald, (12 Peters, 488,) are unlike this. In each of those cases the Supreme Court rendered a final decree, and only remanded the cause that the primary court might execute their decree. But here no final decree was rendered, no part of the decree was affirmed, it was reversed generally, and the cause remanded.

2. It cannot be objected that the relevancy of the testimony does not appear from the record. The question of relevancy was not raised in the court below; the court decided that the plaintiff was concluded from offering any evidence. Robertson's Exrs. v. Allen, 16 Ala. 108; Smith v. Armistead's Exrs. 7 Ala. 700.

Jones, Adm'r, v. Dyer and Wife.

3. The relevancy and materiality of the deposition are shown. The objection to it admits its relevancy. It asserts that the judgment of this court was "conclusive on the matter embraced in the deposition," thereby conceding that it referred to the matters already in issue between the parties. The account current set out in the record also shows its relevancy. That account contains an item of charge against the administrator, which corresponds in date, amount, and other particulars, with the note described in the deposition.

The materiality of the deposition, and the injury done to plaintiff by its exclusion, are fully shown by the opinion of this court, (16 Ala. 224,) to which the objection refers. That opinion is the law of this case, and (since the court is bound to know its own opinions and judgments,) it was unnecessary to incorporate it in the bill of exceptions. That opinion will show that the deposition offered contained the very evidence which was wanting on the former trial.

R. C. BRICKELL, for defendants in error:

1. The record does not show that the testimony rejected by the Court of Probate was material, or relevant to any issue before that court. If the account of the plaintiff in error, which was audited by the court, is examined, no item will be found to which the rejected testimony could apply. This rule is well settled, that a party excepting to the rejection of testimony must show, that the testimony rejected was not only admissible, but material and relevant to some issue pending before the court, 11 Wendell, 428; 1 Leigh, 216; 1 Cranch, 152; 1 Ala. 582.

2. Again: it is well settled that an error which works no injury, furnishes no ground for the reversal of a judgment. Can the court say, from an examination of this record, that the rejection of the testimony by the court below operated to the prejudice of the plaintiff in error? If so, let him lay his finger on the item which should not have been charged against him if the testimony had been admitted. The reason assigned by the court for the rejection of the testimony is immaterial. If a court arrives at a proper conclusion, the reasons which it assigns may be erroneous, and yet they will furnish no ground of reversal. But the plaintiff in error insists, that

the court should refer to the record of this case when here at a former term. That every court is bound to take notice of its own judgments, and that the court will refer to its former judgment to ascertain whether the Court of Probate erred in the effect which it ascribed to that judgment, is not denied. But this court will hardly look to the state of facts exhibited by that record, and presume that the same state of facts was before the Court of Probate upon the last trial. This the court is asked to do, in order to find ground for the reversal of a judgment. Now, if the testimony offered was only relevant and material, when taken in connection with other facts, the other facts should have been shown in the court below. The bill of exceptions would not have been evidence in the Court of Probate. 2 Cowen & Hill's Notes, Title, Bills of Exceptions.

Again: if the court should look to that record, and presume that the state of facts then existing also existed at the last trial, would it not violate the rule, that all presumptions are to be indulged in favor of a judgment, and none against it?

3. Did the Court of Probate err in rejecting the testimony for the reasons assigned? We insist that the judgment of the Supreme Court was conclusive on all points settled by its decision, and that when the cause was remanded to the Court of Probate, nothing remained for that court to do, but to make a decree conforming to the decision of the Supreme Court. Johnston v. Glasscock, 2 Ala. 218; *Ex Parte* Sibbald, 12 Peters, 488.

GOLDTHWAITE, J.—The only question presented by the record arises upon the rejection, by the Orphans' Court, of the depositions offered in evidence. The ground of objection taken to the admission in the court below, and which has been insisted here, was that the action of the Orphans' Court, upon the subject matter of the deposition, was concluded by the opinion and judgment of this court in the same case, rendered June Term, 1849, 16 Ala. Rep. 221; and that in reality nothing remained for the action of the Probate Court, except to render a decree in conformity with the decision of this court. There can be no doubt but that the court to which the case is remanded, is bound to proceed according to

the principles of law determined by this court in the same case, and we have no doubt also, that in revising the proceedings of the Orphans' Court, it is competent, in a proper case, for this court, by its judgment, to declare the proceedings regular to a certain point, and reverse from the point where the irregularity or error commenced. This was done in the case of the Executors of Sankey v. The Heirs of Sankey, 6 Ala. Rep. 607, and we see no reason to question the correctness of the practice; but in the case under consideration this course was not pursued. The court, it is true, held that the Orphans' Court had committed no error in charging the administrator with the particular item, which is the subject of contest in the present case, but that there was error in relation to other items in the same account, and for those errors the decree rendered by the Orphans' Court was reversed, and the cause remanded. The effect of the judgment of reversal, was to vacate the decree *in toto*, and the parties affected by it stood in precisely the same position as if it had never been rendered. Simmons, Admr. v. Price, Admr., 18 Ala. Rep. 405; Dupuy v. Roebuck, 7 Ala. Rep. 484. The cases relied on by the defendant in error to sustain the judgment on this point, Johnston v. Glasscock, 2 Ala. Rep. 218, and Ex parte Sibbald, 12 Peters 488, are clearly distinguishable in principle from the case under consideration; in both of these cases the judgment of the court below was not merely reversed, but *a final decree* was rendered by the Appellate Court, and the cases were remanded for execution alone. In the present case no decree was rendered, but the judgment of the court below was simply reversed and remanded. Upon the authority of the cases which we have cited, it follows that upon the reversal of the judgment the rights of the parties were restored to the same condition as before its rendition, and that when the same item was again presented for settlement, the administrator had the right to offer evidence to show that the charge should not properly be made against him.

It is, however, urged that on an examination of the evidence rejected, it will be seen that it was applicable to no issue before the court, and was, therefore, properly rejected on the ground of irrelevancy. We understand the rule to be, that to authorize a court of error to reverse a judgment, on

24

account of any supposed erroneous decision of the court below, in the rejection of evidence, it must be shown that the fact intended to be established by such evidence was material to the decision of the case then under consideration before the court; and the party excepting to such decision must, in his bill of exceptions, state sufficient to show the relevancy or materiality of the alleged erroneous decision to the case under consideration at the time such decision was made. Stone v. Stone, use, &c., 1 Ala. 582. Testing the materiality of the evidence offered and rejected by this rule, we find by reference to the record, that on the final settlement, the estate of the intestate was credited (which amounts to a charge against the administrator) with an item amounting, with interest, to $1580 28. This item is stated in the account in these words: "1844, *August 14th.—By credit of twelve hundred dollars, entered on note of Samuel Jordan (signed A. W. per instructions of P. Lewis,*") &c., and in the same account and on the same side, another item thus stated: "By cash received of Mrs. Eliza Jordon, on balancing accounts, allowing $250 wages per annum for 1842, 1843 and 1844, to August 16th, 1844, to P. Lewis, as due on 1st January each year, crediting him by principal and interest of *Samuel Jordan's note to 1st January, 1845, excepting the* $1200 *claimed by administrator as a credit, &c.*" The evidence offered is to the effect, that a note was held by the intestate on Samuel Jordan. That after the death of Jordan, Mrs. Eliza Jordan, on the 14th August, 1844, gave her note for twelve hundred dollars, payable to the plaintiff in error, which amount was entered as a credit on Samuel Jordan's note, and the note of Mrs. Jordan delivered to the plaintiff in error, and that the credit was entered, the note executed and delivered to the plaintiff in error by the direction, and with the consent of the intestate. It is impossible to doubt in relation to the applicability of this evidence to the item of $1580 28, which was charged against the administrator, and on which the decree rendered against him was in part founded. There was, it is true, no express issue appearing upon the record, but the case was the final settlement of the accounts of the administrator, and the statement of the items composing that settlement, when taken in connection with the evidence offered, show clearly its relevancy to the case then under consideration.

The relevancy and materiality of the evidence offered being shown, it follows that the Probate Court erred in rejecting it, and as the question as to its sufficiency does not properly arise on the record as now presented, we have only to add that the judgment is reversed, and the cause remanded.