## JUDGE, Adm'r, *vs.* TYSON, Adm'r de bonis.

[FINAL SETTLEMENT—INVENTORY.]

1. *Administrator's inventory; force of.*—An administrator in chief returns
   in his inventory, as having come into his possession, among the effects
   of the intestate, certain packages containing money, each one endorsed
   with a memorandum indicating that the money contained in it belong-
   ing to some third person, particularly named in the memorandum,
   other than the intestate. In a final settlement between the adminis-
   trator in chief, and an administrator *de bonis non* of the same estate,—
   *held,* that the administrator in chief should not be charged with the
   money contained in these packages, as assets of the intestate, merely
   upon the strength of his inventory as aforesaid.

APPEAL from Lowndes Probate Court.

THIS was a proceeding for final settlement of his admin-
istration, between Thomas J. Judge, former administrator
of the estate of E. H. Cook, deceased, and John A. Tyson,
administrator *de bonis non* of the same estate. At the
hearing, the said Tyson, administrator *de bonis*, submitted
a motion to charge the said Judge, as former administra-
tor, with certain moneys, alleged to have been received by
him as administrator as aforesaid. The only evidence ad-
duced was the inventory previously filed by said Judge in
said probate court. The rest of the inventory is omitted,
and the following extract is copied *verbatim* from said
inventory, as the question involved in the case turns upon
it alone, to-wit : "The following statement embraces money
on hand, with endorsements on each package which con-
tained the money :"

"Package marked, 'money belonging to the heirs of Mrs.
    Eliza C. Hardy' ......................... $ 160  00
"Package marked, 'Willoughby Todd's money'.    105  00
"Package marked, 'money of heirs of Hardy M.
    King' .................................    101  00

"Package marked, 'belonging to creditors of A.
K. Dudley, received of J. M. Cole' ......... 375 70
"Package marked, 'received from John King,
administrator of H. H. King, for creditors'.. 40 00
"Package marked, 'State and county,' with vari-
ous figures ..................... ........ 454 50"

The inventory from which this extract is taken, and the
further fact that said decedent, E. H. Cook, was, before his
death, probate judge of Lowndes county, constituted all
the evidence in the case. The motion to charge the said
Judge with the money contained in these packages, having
been argued, was sustained by the court below, which ac-
cordingly embraced them in the settlement and decree; to
this the said Judge excepted, and appealed to this court,
and here assigns the same for error.

Stone, Clopton & Clanton, and Clements & William-
son, for appellant.

Cox & Witcher, and V. S. Murphy, *contra*.

BYRD, J.—It is not shown in whose hand-writing the
endorsements on the several packages are, nor whether the
money contained in them was received by the decedent as
judge of the probate court. But whoever may have made
the endorsements, and whether the decedent received the
money as judge or not, the inventory and evidence did not
authorize the court below to charge appellant with the
money. The inventory does not show that appellant is
liable *as* administrator for the money; it is not shown to
have been assets of the estate. The clear inference from
the inventory is, that the money is not the property of de-
cedent, but that it was held for and belonged to others. It
was property returned in the inventory; and upon proof
that the money did not belong to the person designated in
the endorsements or to others, the appellant *might* be
chargable with it. But upon this record the administrator
*de bonis non* has shown no facts which authorized the court
below to render a decree in his favor against appellant for
this money. An administrator *de bonis non* is only entitled
to a decree for the assets of the estate, or their value, if

disposed of by the administrator in chief, and not appropriated by him as required by law.   The former is not entitled to recover of the latter the value of property or the property itself, belonging to others, although in the possession of the decedent at the time of his death, *unless* the title is shown to have vested in his administrator *as such.*—*Swink's Adm'r v. Snodgrass,* 17 Ala. 656 ; *King et al v. Griffin,* use, &c., 6 ib. 388 ; *Smith's Heirs v. Smith's Adm'r,* 13 ib. 329 ; Williams on Ex'rs, 1407-8.

We infer from the bill of exceptions, that the packages of money came into the administrator's hands, labeled with the owner's names, from the recent possession of the deceased.   Detinue might have been maintained for those packages in favor of the respective owners.   There was no evidence that the administrator ever appropriated the money as property of the estate, or so treated it.   He can not be estopped from asserting that it belonged to the true owner.

As the charge on account of the packages of money received by the administrator, amounting to $1,242 20, is the only matter of controversy in the case, it is useless to open the case as to any other item.

The decree of the court below is reversed and cause remanded for a re-hearing, as to the liability of the administrator for the packages of money above named, to the amount of $1,242 20, and in all other respects the rulings of the court are affirmed.—*Jones v. Dyer,* 20 Ala. 373 ; *Sankey v. Sankey,* 6 Ala. 607.

JUDGE, J., not sitting.