(102 So. 915)

## COLEMAN v. STATE.  (2 Div. 323.)

(Court of Appeals of Alabama.  Feb. 3, 1925.)

1. Criminal law ☞1190—Reversal of judgment restores both state and defendant to positions occupied before it was pronounced.

Reversal of judgment and remanding of cause restores both state and defendant to condition in which they stood before judgment was pronounced.

2. Criminal law ☞1023(11), 1192—Judgment of conviction pronounced after reversal of prior judgment without new trial is void, and will not support an appeal.

After reversal of judgment of conviction because defendant was not asked why judgment should not be pronounced on him, and because judgment entry contained no formal adjudication of guilt, defendant charged with felony may not be ordered before bar and adjudged guilty without trial, and judgment so rendered is void and of no effect, and will not support an appeal.

3. Criminal law ☞979(1)—Judgment imposing punishment cannot be pronounced by piecemeal at different terms of court.

Judgment imposing punishment cannot be pronounced by piecemeal at different terms of court.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Dorman Coleman was convicted of grand larceny, and on appeal the judgment was reversed. Following reversal, judgment of guilt was pronounced by the court without a new trial, and defendant again appeals. Appeal dismissed.

A. W. Stewart, of Marion, for appellant.

Counsel argue for error in the action of the court and cite 34 Cyc. 1200, 1693; 2 Bouvier, 701; Myers v. McDonald, 68 Cal. 162, 8 P. 809; 4 Code 1923, p. 903, rule 28; Jones v. Dyer, 20 Ala. 373; Dupuy v. Roebuck, 7 Ala. 484; Simmons v. Price, 18 Ala. 405.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  [1] In considering this case on a former appeal (Coleman v. State [Ala. App.] 101 So. 81[1]) this court entered an order reversing the judgment appealed from, and remanding the cause to the lower court. The effect of the order of this court in reversing the judgment there appealed from was to restore the parties, both the state and the defendant, to the condition they stood before said former judgment was pronounced and entered. In Simmons v. Price, 18 Ala. 405, the Supreme Court said:

"When a judgment is reversed, the rights of the parties are immediately restored to the same condition in which they were before its rendition, and the judgment is said to be mere waste paper."

In Jones v. Dyer et al., 20 Ala. 373, the court said:

"The effect of the judgment of reversal, was to vacate the decree in toto, and the parties affected by it stood in precisely the same position as if it had never been rendered."

And in Williams v. Simmons, 22 Ala. 425, 430, it is said:

"A judgment reversed is regarded as if it had never existed, and the parties are restored to their rights as they were before it was rendered."

See, also, Dupuy v. Roebuck, 7 Ala. 484; Marks v. Cowles, 61 Ala. 299; Watt v. Watt, 37 Ala. 547; Town Council v. Burnett, 34 Ala. 400; Barringer v. Burke, 21 Ala. 765.

[2] It appears from the record before us that the court below labored under a misapprehension as to the purport and effect of the former judgment of this court. Instead of putting the defendant to trial upon the indictment, the defendant was ordered before the bar, and over his strenuous objections was adjudged guilty, without a trial, and was sentenced to hard labor for the county for the offense of grand larceny. The court was without authority to adjudge the defendant guilty without a trial by jury; the charge contained in the indictment against him being a felony. The court was equally without authority of law to impose sentence upon the prisoner without a trial of his case and a verdict of guilty by a jury.

[3] A judgment imposing punishment cannot be pronounced by piecemeal at different terms of court. Daley v. Decatur, 18 Ala. App. 141, 90 So. 69. It follows that the so-called judgment, from which this appeal is taken, was pronounced and entered without authority of law, is void and of no effect, and will not support an appeal.

This appeal is therefore dismissed.

Appeal dismissed.

