## ARMBRUSTER, ESTATE OF, In Re

Ohio Common Pleas, Hamilton Co

Decided June 8, 1937

Heilker & Heilker, Cincinnati, for the Estate of Ottilia Guenther Armbruster.

Bettinger, Schmidt & Kreis, Cincinnati, for the Estate of Katherine Guenther.

### OPINION

By GORMAN, J.

The matter was tried upon appeal from an order of the Probate Court of Hamilton County, awarding the sum of $284.00 to the estate of Katherine Guenther.

Katherine Guenther and her daughter Ottilia, who later married Armbruster, lived together for many years in a two room apartment at 1710 Frintz Street in Cincinnati. The daughter Ottilia Guenther Armbruster died on October 19, 1935, and the mother Katherine Guenther died on April 26, 1936.

In May of 1936 the two administrators of the two estates went to the Frintz Street apartment to make a search for property of the decedents. In a trunk belonging to the mother pinned to a petticoat were found three small envelopes containing $284.00 in cash. On two of these envelopes in her own handwriting was the name "Ottilia Guenther."

After a hearing in the Probate Court the money was awarded to the mother's estate, Katherine Guenther.

The above facts, which it seems are all that are material to the issues, were presented to the court on appeal.

There are no precedents to guide the court, although there are rulings in somewhat analogous cases. All property found in the possession of the decedent at the time of his or her death is presumed to belong to the decedent. Sewell v Sewell, 119 Ala. 242. Probate Court v Williams, 30 R. I. 144.

However, if goods or money belonging to another person, be amongst the goods of the deceased, and they come altogether into the hands of the administrator, the goods or money of such person are not assets in the hands of the administrator. See Sheppard's Touchstone, 6 P. 498; Governor v Executors of Hooker, 19 Fla. 163; Cooper v White, 19 Ga. 554; Johnson v Hall, 101 Ga. 687.

In other words, "property which belonged to decedent at time of his death vests in his executor or administrator as assets, notwithstanding the fact that at the time of decedent's death it was in the possession or control of a third person. Conversely an administrator is not entitled to possession of property of which the decedent died possessed as against the equitable owner thereof, in the absence of proof that there are creditors whose equitable claims take precedence over that of such equitable owner." 23 Corpus Juris 1158.

This money was in a trunk owned by Katherine Guenther and attached to a petticoat, which the court finds was her property. She must therefore have been considered to have been in possession of this money, especially since the daughter died first.

Possession, as we said before, is prima facie evidence of title to things personal, but this prima facie evidence may be overcome by due proof to the contrary. Schouler: Personal Property (5th Edition) page 2.

In Judge v Tison, 42 Ala. 401, packages were marked "money belonging to heirs of Eliza C. Hardy" or "Willoughby Todd's money", and despite the fact that these packages were in the possession of the decedent, it was held that they were not assets of the estate.

The facts in this case are not as strong. Two of the envelopes have the name of the daughter on them in the daughter's

handwriting, and the third is a pay envelope with her name upon it.

It must be conceded that the mother did not write the names on the envelopes, so there can be no question raised as to an incompleted gift.

In these days it is a very common occurrence for a person to put valuables or money in envelopes and write their name on the outside to designate ownership. It would have been a rather unusual act for the mother to have placed the money in envelopes on which the daughter's name was marked.

In view of the handwriting being that of the daughter and the fact that the two jointly occupied and used the apartment, we feel that this evidence rebuts the prima facie case made out by the mere possession of the money by Katherine Guenther.

The court is aware of the old saying which had a basis in law that possession was nine-tenths of the law, but the evidence here as to the writing, taken into consideration with the custom of people in this modern day, should be sufficient to change the strictness of the medieval rule.

We therefore hold that the $284.00 found in the envelope is the property of the estate of Ottilia Armbruster, and an order may be presented authorizing the administrator of Katherine Guenther to turn over said amount to the executor of the daughter's estate.