[The State v. Mobile & Girard R. R. Co.]

# The State v. The Mobile & Girard R. R. Co.

### *Statutory Action to Vacate Charter of a Corporation.*

1. *Statutory action to vacate charter; venue, jurisdictional averments.* A statutory action to vacate the charter of a corporation must be brought as prescribed by the statute, either in the county in which it has its principal office, or, if it have no principal office, in any county in which it does business; and these requirements are jurisdictional and their existence must affirmatively appear in the complaint.

2. *Same.*—Where a corporation has ceased to do business in this State, and has no office therein, the statutory action to vacate its charter will not lie.

3. *Same; courts of general jurisdiction; effect of special authority conferred thereon.*—It is a settled rule of law that when a special authority, in derogation of the common law, is conferred by statute upon a court of general jurisdiction, it becomes, *quoad hoc*, an inferior or limited court, and the requirements of the statute must be strictly followed.

APPEAL from Circuit Court of Bullock.

Tried before Hon. J. M. CARMICHAEL.

This was an action brought in the name of the State of Alabama, by the solicitor of the third judicial circuit of said State, upon an order made by the judge of said circuit, in the Circuit Court of Bullock county.

This suit is a statutory action and seeks to vacate the charter of The Mobile & Girard Railroad Co., under §§ 3167, 3168 and 3169, of the Code of 1886. The complaint avers among other things that said defendant had no office or principal place of business in this State and had ceased to do any business therein. Numerous grounds for the forfeiture of the charter of defendant are set forth in the complaint, but it is unnecessary to refer to them.

The defendant interposed pleas in abatement to the effect that it did not have its principal office in Bullock county, and did no business in said county, and prayed judgment whether the court would take further cognizance of this action. The plaintiff demurred to the pleas

but the demurrers were overruled, the pleas sustained and the suit dismissed. The transcript contains a long bill of exceptions upon an agreed statement of facts, but they do not affect the decision of the cause.

JOHN V. SMITH, GEO. F. MOORE, and P. B. MCKENZIE, for the State.

PEABODY, BRANNON, HATCHER & MARTIN, for appellee.

HEAD, J.—We are unable to see how this action can be maintained in the circuit court of Bullock county. It is a statutory proceeding, strictly, to vacate the charter of the defendant corporation, on one or more of the grounds specified in section 3167 of the Code of 1886, and was instituted, in the name of the State of Alabama, by the solicitor of the third judicial circuit of Alabama under the provisions of section 3168 of the Code, which are as follows.: "The judge of the circuit court in which the corporation is located, whenever he has reason to believe that any of these acts or omissions can be proved and it is necessary for the public good, must direct the solicitor of the circuit or county to bring such action; or such action may be brought on the information of any person giving security for the costs of the action, to be approved by the clerk of the court in which the action is brought." Section 3169, is in the following words: "*In what county actions to be brought.*—Such actions must be brought in the circuit court of the county in which the corporation has its principal office, or, if it has no principal office, of any county in which it does business." Section 3167, provides that an action may be brought in the name of the State, on the information of any person, for the purpose of vacating the charter or annulling the existence of any corporation, other than municipal, whenever such corporation offends in any of the five particulars therein mentioned. Under these several provisions, the present action is brought by the solicitor, in the name of the State, as aforesaid, who avers that. "he prosecutes herein upon the order of the judge of the circuit court for the third judicial circuit of Alabama, made in accordance with said statutes."

Thus we see, from the authority and manner of its

[The State v. Mobile & Girard R. R. Co·]

institution, it is not, nor claimed to be, a proceeding according to the course of the common law, but derives its support, if any, from the special, limited jurisdiction which the statute confers upon the circuit court of the particularly defined county, to be instituted upon the particularly defined contingency.   It is the settled rule that where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes *quoad hoc*, an inferior or limited court; a compliance with the requisitions of the statute is necessary to its jurisdiction, and must appear on the face of its proceedings.—*Gunn v. Howell*, 27 Ala. 663, and the cases therein collated, as well as many other authorities down to *Taliaferro v. Lee*, 97 Ala. 92.   We have seen that the authority of the solicitor to bring the action must proceed upon the direction of the judge of the circuit *in which such corporation is located*, and must be brought in the county in which the corporation has its principal office; or, if it has no principal office, in any county in which it does business.   These requisites are jurisdictional, and their existence must be affirmatively disclosed by the record.   The case is different from that of *Coltart v. Allen*, 40 Ala. 155.   In granting letters of administration, the jurisdiction of the probate court is general and unlimited.   It is not essential that the facts upon which the jurisdiction rests shall affirmatively appear.   The record not disclosing their non-existence, it will be presumed the court ascertained their existence.   Such was the case of *Coltart v. Allen, supra.* See also *Burnett v. NeSmith*, 62 Ala. 261; *Wharton v. Moragne, Ib.* 201; *Burke v. Mutch*, 66 Ala. 568; *Landford v. Dunklin*, 71 Ala. 594; *Barclift v. Treece*, 77 Ala. 528; *Dunbar v. Frazer*, 78 Ala. 529.   For a clear distinction between the nature of this general jurisdiction and that of a special, limited jurisdiction conferred by statute upon the same court, in respect of what the record must show in order to uphold the exercise of jurisdiction, see *Wharton v. Moragne* 62 Ala. 261, *supra*.

In the present case, the proceeding is entirely statutory.   The right of the solicitor, and the condition upon which he may sue, are described by the statute, and the same statute designates a particular and exclusive tribunal to enforce the right.   The condition, we repeat is the direction of the judge of the circuit in which *the cor-*

*poration is located*, based upon his reason to believe that any of the specified acts or omissions can be proved, and that it is necessary for the public good. It is thus confided to the particular judge to exercise his judgment and discretion, in directing the action to be brought, and it can be exercised by no other. The complaint should, therefore, affirmatively show this essential requisite to jurisdiction. The complaint shows that the order for the bringing of the suit was made by the judge of the third judicial circuit, but it nowhere appears therein that the corporation was *located* in that circuit. The only averments touching the location of the corporation, are that by a special act of the Alabama legislature the corporation was created for the purpose of constructing and repairing a railroad from the town of Girard on the Chattahoochee river in the county of Russell to intersect or connect with the navigable waters of the Mobile Bay, or with the railroad leading from Montgomery to West Point at the nearest and most suitable point of said road, and that the president and directors of said company were by said section of said act invested with the rights and powers necessary to the construction and repair of a railroad from Girard to the waters of the Mobile Bay ; and, further, that from June 1, 1886, up to the time of bringing this action the general officers of, and principal place of business of the said The Mobile and Girard Railroad Company have been located and kept continuously in the city of Columbus, in the State of Georgia, and said offices or principal place of business have not been, during said time, kept within the State of Alabama, that during said time, the books, papers and records of said company have not been kept within the State of Alabama, but have been kept continuously outside the State of Alabama and are and now remain in the city of Columbus in the State of Georgia. Chapter 6, Title 1, Part 2 of the Code of 1886, regulates the organization &c. of railroad corporations. Section 1595 (a part of that chapter) provides that, ''All corporations organized under the provisions of this chapter, and all corporations heretofore created or organized, or deriving corporate power or authority under or from any law of this State, the purpose of which is or was the building, constructing and operating a railroad, must keep within the State a principal place of business, and

must there have and keep an agent on whom process may be served for the corporation, in any and all suits against it." We have seen, that section 3169 provides, that the action now invoked must be brought in the circuit court of the county in which the corporation has its principal office, or, if it has no principal office, of any county in which it does business. Construing the several provisions together, we hold that principal office and principal place of business are synonymous terms, and that the *location* of the corporation, as mentioned in section 3168, means the judicial circuit in which such principal office or principal place of business is situated, or if there be none such in the State, then in any circuit in which the corporation does business. The complaint, as we have seen, shows affirmatively, that the defendant company had no such office or place of business in this State; and it further affirmatively shows that since September 10, 1886, the corporation has done no business for which it was created, having then leased and surrendered to the Central Railroad and Banking Company of Georgia all its property, assets, rights, privileges and franchises of every description, who, and its lessees, have been in possession ever since. So it is, that the complaint not only fails to show the existence of the two jurisdictional facts, to-wit, the location of the corporation in the third judicial circuit and the institution of the suit in the circuit court of the county in which the corporation has its principal office, or having no such office, in a county where it does business, but shows affirmatively that they do not exist.

It is contended that inasmuch as the third ground of forfeiture, as set forth in section 3167 Code, is that the corporation has forfeited its privileges or franchises by failure to exercise its powers, which is one of the grounds relied upon in this action, a proper construction of the statute would be that the action may be brought in the circuit court of any county in the State. It is said that this ground of forfeiture implies a total failure of the corporation to exercise its powers, as is alleged to be the fact in the case under consideration, whereby it can have no principal office or place of business, and cannot be said to be doing business anywhere; wherefore, it is impossible to pursue the statutory remedy, if the condition and tribunal upon, and in which, the remedy may be pursued, as named in the statute, are to be literally

observed. We appreciate the inconsistency and difficulty here presented, but the statute is too plain and unequivocal in its requirements, that the solicitor shall proceed only after the judge of the particularly defined circuit has exercised his judgment and discretion in the matter, and given him direction to proce 'd, and that the suit must be brought in the particularly defined county, to be ignored and superseded by construction—*State v. Moore & Ligon*, 19 Ala. 514. If the legislature has made an impossible requirement, it is for the legislature to correct the error. It may be a proper construction of the statute, where a corporation created by special act had accepted its charter, or under the general law, and established a principal office or place of business, or entered upon the business of its creation, within the State, and afterwards wholly ceased to have a principal office or place of business, and to do any business within the State, to hold that the principal office, or the county in which it does business, as those terms are used in the statute, mean its principal office or county in which it did business, at the time it ceased to have such office, or to exercise its powers. We do not give that question deliberate consideration and make no announcement upon it, since the present complaint does not raise it. The complaint wholly fails to show that the defendant ever had an office or place of business, of any kind, or did any business, in Bullock county. Indeed, it is only inferentially shown that the defendant ever accepted its charter. An acceptance is a necessary prerequisite to the maintenance of a proceeding for forfeiture.—*State v. Moore & Ligon, supra.* We do not declare the averments of the complaint insufficient in this respect.

We are not prepared to say that the State is without remedy in cases like the present. The common law writ of *scire facias* for the dissolution of a corporation for nonuser of its franchises, instituted in the name of the State, by the attorney general, may not be excluded by the statutory remedy givnen the solicitor, or a private person. But as this question is not directly before us, we pronounce no decision upon it. See Morawetz on Corp. § 656.

Affirmed.