·47 So.2d 449

## BIRMINGHAM ELECTRIC CO. v. ALABAMA PUBLIC SERVICE COMMISSION.

### 3 Div. 558.

Supreme Court of Alabama.

June 30, 1950.

Wm. B. White, S. M. Bronaugh and White, Bradley, Arant & All, all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

MacDonald Gallion, for Alabama Public Service Commission.

Maurice F. Bishop, John S. Foster, J. H. Willis, Tom Huey and Mayer U. Neufield, all of Birmingham, for Jefferson County and City of Birmingham.

Albert Boutwell, of Birmingham, for Chappell and others, movants.

BROWN, Justice.

The Alabama Public Service Commission on April 30, 1948 entered an order denying

the application of appellant, Birmingham Electric Company, for a change in rates filed March 16, 1948, under § 53, Tit. 48, Code of 1940, and from said order of the Commission the appellant here perfected its appeal to the Circuit Court of Montgomery County under § 79, Tit. 48, Code of 1940, and pending said appeal in the circuit court it applied to that court for a supersedeas of said order of the Commission which was granted upon appellant entering into a bond with surety and conditioned as provided by § 86, Tit. 48, Code of 1940, and in amount as ascertained under § 85 of said title.

The supersedeas bond was tendered and approved by the Circuit Judge on July 14, 1948. Thereafter on August 9th the Public Service Commission petitioned the circuit court to amend the supersedeas order of July 14, 1948. Pending this petition on August 11th appellant perfected its appeal to this court which was duly certified and docketed here as 3rd Division 514, 47 So. 2d 455.[1] Thereafter the circuit court on December 6, 1948, granted the Commission's petition to amend and entered the purported order from which the appeal in this case is prosecuted.

The appellee on January 11, 1950, filed a motion to dismiss this appeal on grounds, among others, that the appeal was not timely and also that this Court was without jurisdiction to entertain the appeal. On the call of the docket here the case was submitted by the appellant on said appeal, accompanied by motion in the alternative for writ of mandamus to review the order of the lower court granting the Commission's petition to amend the order of supersedeas.

The original order of the court granting the supersedeas followed the prescription of § 86, Tit. 48, Code of 1940. The order of the court granting the amendment goes much further than authorized by the statute. The material parts of said order will appear in the reporter's statement of the case.

Section 87 of said title provides that "an additional bond of like amount and with the same conditions shall be given at the end of each six months pending the appeal and pending any subsequent appeal by either party to the supreme court."

Section 88 of said title provides, "From the time said bond shall have been given the order appealed from shall be stayed and superseded and it shall be lawful for the utility to charge the rates, fares, or charges which had been reduced by said order, or the rates, fares or charges sought to be established by its petition, until the final disposition of said cause. etc."

Section 93 of said title provides, "Any person, firm, company or corporation who shall sustain any loss, injury, or damage by reason of the suspension of the rates or orders, or any of them, as aforesaid, may sue on the bonds in the name of the State of Alabama, for his use, and recover such damages as he may have so sustained, including any overcharge or excess rate or charge paid by him, on account of the suspension of the rates, charges or orders. * * *."

The general effect of the purported order amending the supersedeas provides that in case the appellant failed in its appeal the accumulations impounded would escheat to the state and be distributed if not paid to the passengers who paid the excess rates to the County of Jefferson and certain named cities in said county.

The judgment of the circuit court on first consideration was affirmed, but on rehearing made by the appellant the rehearing was granted on February 2, 1950, the affirmance set aside, the judgment of the circuit court and the order of the Commission vacated and the cause remanded to the Commission with directions to take further evidence touching the fixation of a rate basis and further consideration by the Commission in respect to a reasonable rate to be charged by the appellant in the conduct of the business.

Section 91, Title 48, Code of 1940, authorizes the Public Service Commission or the State to appeal from a decree of the circuit court without giving security for costs.

1. Post, p. 140.

We find no where in this Subdivision 3 of said Title 48, pertaining to proceedings such as were had in 3 Div. 514, that the Public Service Commission is authorized to intervene in such proceedings pending the appeal in the circuit court by the utility. Nor do we find any authority in the statute authorizing the Public Service Commission to become a party in such proceedings as an adversary of the utility seeking a revision of its rates. The Commission, in contemplation of law, is without interest in the controversy and sits as an impartial tribunal with statutory powers, legislative in character, to regulate rates of public utilities. It is familiar law that when special statutory authority in derogation of the common law is conferred on courts of general jurisdiction, such a court of general jurisdiction becomes *quoad hoc* a court of inferior or limited jurisdiction. State v. Mobile & G. R. Co., 108 Ala. 29, 18 So. 801; Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903; Gunn v. Howell, 27 Ala. 663, 62 Am.Dec. 785; Martin v. Martin, 173 Ala. 106, 55 So. 632; Ex parte Pearson, 241 Ala. 467, 3 So.2d 5; Truett v. Woodham, 98 Ala. 604, 13 So. 519.

"With respect to the judicial acts of courts exercising special and limited jurisdiction, the existence of jurisdictional facts is not inferred from the mere exercise of jurisdiction, but must affirmatively appear from the record. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 625, 34 So. 903, and authorities there cited. In such cases 'a compliance with the requisitions of the statute is necessary to its jurisdiction, and must appear on the face of its proceedings.'—State v. Mobile & G. R. Co., supra, [108 Ala. 29, 18 So. 801]. It follows, as of course, that such jurisdiction cannot be obtained or conferred by the proclamation thereof, positively or by invited necessary inference, in the order or decree of a court assuming to exercise a limited special authority.—Neville v. Kenney, 125 Ala. 149, 28 So. 452, 82 Am.St. Rep. 230; Pollard v. Hanrick, 74 Ala. 334." Martin v. Martin, 173 Ala. 106, 55 So. 632, 633.

Section 79, Title 48, Code of 1940, authorizes appeals by the utility or a person interested, or the State. If the appeal is by a person or a utility, it is effected by filing the bond for the security of costs of the appeal with the public service commission.

Section 80, Title 48, authorizes an appeal by any intervenor or interested party from the "final order of the commission within the time, in the manner, and upon the conditions provided by this title for appeals from orders of the commission."

Section 81 authorizes "On * * * such appeal any utility, interested party, or intervenor may supersede any decree rendered by giving such supersedeas bond or bonds as may be appropriate to the proceedings as provided for herein for superseding an order or orders of the commission."

Section 82, Title 48, provides the procedure on appeal and how the same shall be considered and provides: "The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that: the commission erred to the prejudice of appellant's substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence. Provided, however, the court may, instead of setting aside the order, remand the case to the commission for further proceedings in conformity with the direction of the court. The court may, in advance of judgment and upon a sufficient showing, remand the cause to the commission for the purpose of taking additional testimony or other proceedings."

Section 83 provides for a certification of the record or transcript of the proceedings before the commission.

Section 84 provides: "No appeal shall stay or supersede the order or action appealed from unless the appellate court or judge thereof, upon hearing and notice, after consideration of the testimony, taken before the commission, shall so direct. If the appeal be from an order of the commission reducing or refusing to increase such rates, fares or charges, or any of them, or any schedule, or part or parts of any schedule of such rates, fares or charges, the appellate court, or judge thereof, shall not so direct or order a supersedeas or stay of the action or order appealed from without requiring as a condition precedent to the granting of said supersedeas that the utility applying for the same shall execute and file with the clerk of said court a bond, which bond shall be as hereinafter provided."

Section 85 makes provision for ascertaining the penalty of the bond and section 86 provides for the penalty and conditions of the bond, and, where the appeal is by the utility, the conditions provided in the statute are that the bond must be "payable to the State of Alabama and conditioned to pay all such loss or damage as any person, firm or corporation may sustain, including all such excess rates, fares or charges, as such person, firm or corporation may have paid *pending said appeal* or any subsequent appeal to the supreme court *in the event the order or action of the public service commission shall be sustained.*" [Italics supplied.]

The italicized provision "pending said appeal" refers to the appeal pending in the circuit court.

Section 87 provides for an additional bond of like amount and with the same conditions at the end of each six months pending the appeal in the circuit court and a subsequent appeal by the party to the supreme court.

Section 90 provides for an appeal by either party to the controversy to the Supreme Court of Alabama from the judgment or decree of the lower court, the appeal to be taken within 30 days from rendition of such judgment or decree under the same rules and regulations as are made and provided or as may be provided by law, on appeals from said court, except as herein otherwise provided.

Section 91 of said title provides: "If the public service commission or the State of Alabama shall appeal from a judgment or decree annulling or suspending any rates or orders, it shall not be required to give any security for the costs of said appeal or any bond or undertaking to supersede the judgment or decree. The appeal of the public service commission or the State of Alabama without such bond shall have the effect of superseding the judgment or decree and the rate or rates, or order or orders, complained of, or annulled or suspended by the judgment or decree, shall be and remain the established rates or orders and shall be so regarded, and observed until the judgment or decree shall be affirmed and the said rates or orders annulled or suspended by the supreme court unless a supersedeas bond is continued in effect."

The appeal provided for in said section 91 is an appeal from the decree of the circuit court.

■ None of the several statutes noted above authorize an appeal from the alleged order of the circuit court purporting to amend the original supersedeas order. Moreover the circuit court sitting as a court of review in the exercise of its special statutory and limited jurisdiction was without jurisdiction or authority to amend the original order of supersedeas: The order purporting to so amend the original order of supersedeas is therefore null and void. The motion of the appellee to dismiss the appeal is therefore granted and the appeal is dismissed.

■ The motion of the appellant for the issuance of the writ of mandamus to review and vacate said order is granted and will be issued unless the learned Circuit Judge upon being advised of this opinion officially elects to set aside and vacate said void order. Ex parte Tower Mfg. Co. et al., 103 Ala. 415, 15 So. 836; Alabama Public Service Commission v. Alabama Power Co., 213 Ala. 374, 104 So. 814.

■ In re: Motion by John E. Chappell et al., for leave to intervene in 3 Div. 558, disposed of in the foregoing opinion.

The motion was made and submitted after the other appeal was under submission. This motion to intervene was submitted on the motion and on the motion of the respondents to strike the same and the parties have requested that in disposing of these motions we express our opinion as to the law applicable to this phase of the proceeding.

We are of opinion that the movants are not entitled to intervene in this Court and we are further of opinion that they show no such right or interest in the controversy as warrants an intervention in the circuit court, especially since the judgment of said court has been vacated by the judgment of this Court and the cause remanded to the Public Service Commission with instructions.

■ In Dupuy v. Roebuck, 7 Ala. 484, 486, this Court speaking through Collier, Chief Justice, approved the holding in Clark v. Pinney, 6 Cow, N.Y., 297, that " 'A judgment reversed, becomes mere waste paper, and the rights of the party, immediately on the reversal, are restored to the same situation in which they were, prior to the pronouncing of the judgment so reversed.' * * *." This holding was reaffirmed in Price v. Simmons, Adm'r, 21 Ala. 337, 341.

■ In Barringer et al. v. Burke, 21 Ala. 765, 768, 771, following the cases above cited, the Court made this observation: "But a judgment which is reversed, is, in contemplation of law, of no more force or virtue than if it had never existed, so far as respects the rights of the plaintiff in that judgment. It is regarded as a mere nullity. * * * Every interest which depends upon it, belonging to the party in whose favor it was rendered, must share its fate and fall with it. If then, the judgment by a reversal becomes as if it never had been, the offer to redeem, which was dependent on it, is to be regarded in like manner as if it never had been made."

The holding in said cases was subsequently reaffirmed in Florence Cotton & Iron Co. v. Louisville Banking Co., 138 Ala. 588, 592, 36 So. 456, 100 Am.St.Rep. 50. See Alabama City, G. & Attalla Ry. Co. v. Bates, 155 Ala. 347, 46 So. 776; McGeever v. Terre Haute Brewing Co., 201 Ala. 290, 78 So. 66. In Sovereign Camp W. O. R. v. Moore, 235 Ala. 117, 177 So. 642, additional authorities are cited in paragraph two of the opinion. See also Liverpool & London & Globe Ins. Co. v. Dickinson, 244 Ala. 381, 13 So.2d 570.

■ The effect of the vacation of the decree of the circuit court of Montgomery County in 3 Div. 514, 47 So.2d 455,[1] was to vacate the order of supersedeas and the supersedeas bond executed under the same becomes *functus officio*. 27 Corpus Juris, p. 926; 37 C.J.S. p. 1401.

Since the foregoing opinion was prepared and read to the Court in conference, 3 Division 514, 47 So.2d 455,[1] was restored to the rehearing docket, ex mero motu by the Court, for further consideration as to the effect of our former judgment in that case, which as stated above was to vacate the decree of the Circuit Court rendering the supersedeas bond *functus officio*. The extended opinion this day rendered by the majority leaves in force the supersedeas order of the Circuit Court and the bond executed in pursuance thereof until final determination of the litigation.

In my opinion this is a strained construction of the statute. The appeal to the Supreme Court referred to and provided for was the appeal which was subsequently taken after the decision in the Circuit Court affirming the Commission's order.

Under the authorities cited supra the effect of the vacation of the Circuit Court's decree was to vacate the supersedeas rendered in that court and rendered said bond *functus officio*.

I am unable to agree to said extended opinion in 3 Division 514 and therefore respectfully dissent.

On the authority of the opinion in 3 Division 514, this day amended by the majority of the Justices, they concur in the conclusion expressed in this case, which is:

1. Post, p. 140.

The motion to strike the motion to intervene is granted.

The appeal in 3 Division 558 is dismissed. Mandamus is granted conditionally.

All the Justices concur in the result as stated, except GARDNER, C. J., not sitting.