The issue presented by this case is: What is the effective date of the judgment of an appellate court in a divorce case when such judgment reverses the alimony and support provisions of the judgment of the trial court and directs the trial court to enter judgment for a greater amount?
Neither the research of counsel nor of this court discloses any appellate decision directly answering the issue presented. The trial court determined that the increase in alimony and support directed by the appellate court in this case was effective on the date of the judgment and mandate of the appellate court. We agree and affirm that decision.
The original judgment of the trial court was entered on August 6, 1976. Appeal was taken to this court and our judgment was entered on April 27, 1977. Rehearing was denied and writ of certiorari was granted by the Supreme Court of Alabama on August 10, 1977. On November 4, 1977 the writ was quashed. Appellant filed her motion in the trial court for entry of judgment in accordance with the direction of this court. The trial court responded and *Page 591 
determined that the increases directed to be entered by the court were to begin as of the date of our judgment.
Counsel for the parties have submitted several authorities from other jurisdictions which are contended to support their position. We will not discuss these cases as some of them are easily distinguished from the situation existing in this case and none of them impress us as being directly in point.
A review of a final judgment on appeal is in effect a new case. Murphy v. Stewart, 43 U.S. 263, 2 How. 263, 11 L.Ed. 261
(1844). The jurisdiction of the trial court, at least in respect to the matters appealed is ousted and jurisdiction is reposed in the appellate court until it renders judgment with its mandate returning jurisdiction to the trial court. Its judgment becomes the law of the case as of that date. Douglass,Ex'r. v. City Council of Montgomery, 124 Ala. 489, 27 So. 310
(1899). The judgment by its terms may have retroactive application in some instances, particularly where there may have been a stay of the trial court's judgment. In the absence of such direction, as in this case, the increase of support and alimony directed by this court is effective on the date of its judgment. It is our opinion that the rule applies even when the appellate court reverses and renders, entering the judgment the trial court should have entered under the authority of §12-22-70, Code of Alabama (1975).
The reversal of a judgment, or a part thereof, wholly annuls it, or the part of it, as if it never existed. Birmingham Elec.Co. v. Alabama Pub. Serv. Comm'n, 254 Ala. 119, 47 So.2d 449
(1950). Another judgment rendered by a court with jurisdiction must thereafter replace it. Such was the effect of our reversal and remandment with direction in this case.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.