On December 18, 1992, the trial court divorced Donald R. Shellhouse (father) and Wanda Bentley (mother), awarding the father sole custody of the parties' then 12-year-old daughter. The trial court awarded scheduled visitation to the mother and ordered her to pay $50.00 per month child support and to maintain health insurance on the child.
On August 3, 1994, the State of Alabama, on behalf of the father, filed a motion for modification of the child support provision, claiming that a material change in circumstance had occurred because "the child is older and an increase is due." The mother moved to dismiss the petition and asked the trial court to find the father in contempt for his alleged failure to allow her visitation with *Page 518 
the child. The trial court denied the mother's motion to dismiss, and, after an in-camera conference with the child, ordered:
 "that the child will not, under any circumstances, visit with the [mother], nor will the [father], who is the custodial parent, insist or encourage the minor child to visit with the [mother]. Therefore, under these circumstances, the [father's] Motion For Increase in Child Support is denied and further, [the mother] is relieved of her child support obligations."
The father appeals, contending that the trial court erred in relieving the mother of her child support obligation based on the child's refusal to visit with her.
"Parental support is a fundamental right of all minor children. It is a continued right, which cannot become stale until after the child reaches the age of majority. The right of support is inherent and cannot be waived, even by agreement."Ex parte University of South Alabama, 541 So.2d 535, 537
(Ala. 1989) (citation omitted); see also Hermsmeier v. McCoy,608 So.2d 1369 (Ala.Civ.App. 1992). Although child support is paid to the custodial parent, it is for the sole benefit of the minor children. Frasemer v. Frasemer, 578 So.2d 1346
(Ala.Civ.App. 1991). The custodial parent cannot agree to forgive the amount due under a child support arrearage, and the parent cannot waive child support due under a court order. Grimes v.Woolman, 595 So.2d 504 (Ala.Civ.App. 1992).
In Phillippi v. State ex rel. Burke, 589 So.2d 1303
(Ala.Civ.App. 1991), the father stopped making child support payments because he was being denied visitation. The trial court found the father in arrears and refused to credit the arrearage for the time period the mother denied him visitation. This court affirmed, stating: "A party may not unilaterally reduce child support payments without the consent of the court." Id. at 1304.
A party must petition the court for a modification of child support provisions. "A child support award may be modified . . . 'upon a showing of a material change of circumstances that is substantial and continuing.' " Dimoff v. Dimoff, 606 So.2d 159,161 (Ala.Civ.App. 1992) (citation omitted). Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child. Id. Neither party presented evidence to show a material change in circumstances. Further, "The waiver of rights of visitation in exchange for release from the duty of child support is a legal impossibility." Willis v. Levesque, 402 So.2d 1003, 1004
(Ala.Civ.App. 1981). We conclude that the trial court erred in terminating the child support obligation; therefore, we reverse the trial court's order and remand the case with instructions for the trial court to issue an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs specially.
THIGPEN, J., concurs in the result only.
ROBERTSON, P.J., and MONROE, J., dissent.