Katherine Johnson Foster and Reginald Frazier Foster were married on March 15, 1986, in Tacoma, Washington. The wife filed a complaint for divorce in the Jefferson County, Alabama, Circuit Court on October 21, 1996. The parties were divorced by that court on March 17, 1997, following an ore tenus proceeding. The wife was granted the care, custody, and control of the minor children, under authority of the Parental Kidnapping Prevention Act and the Uniform Child Custody Jurisdiction Act. The trial court's order did not address certain other issues raised in the wife's complaint.
In her complaint for divorce, the wife had also requested child support, medical insurance for the children, a life insurance policy on the husband for at least $10,000 per minor child, alimony, an award of the household goods and furnishings, a division of the personal property, an order requiring the husband to pay any joint debts, and an order requiring the husband to pay court costs. The husband was properly served with the wife's complaint by certified mail in Tacoma, Washington, on November 18, 1996, and he answered the complaint on December 6, 1996. In his answer, the husband acknowledged the marriage but made a general denial of all the other allegations contained in the wife's complaint. *Page 1302 
The husband was not present for the divorce hearing. During the hearing, the trial court discussed with the parties' attorneys the issue of its personal jurisdiction over the husband. In its final divorce judgment, the trial court made no finding on the issue of personal jurisdiction, but also made no award requiring in personam jurisdiction.
The wife filed a motion to alter, amend, or vacate the judgment, on April 15, 1997. In this motion the wife argued that the husband had waived the affirmative defense of lack ofin personam jurisdiction by not raising it in his answer to her complaint. In the alternative, she asserted that the husband had had sufficient contacts with the State of Alabama to subject him to the jurisdiction of Alabama courts. The trial court denied this motion on August 25, 1997.
On appeal, the wife again asserts that the trial court erred by not exercising personal jurisdiction over the husband. We agree.
The wife's claim that the husband waived the affirmative defense of a lack of personal jurisdiction presents a question of law. Therefore, we review this claim de novo and indulge no presumption in favor of the trial court's application of the law to the facts. Green v. Green, 706 So.2d 1254
(Ala.Civ.App. 1997).
Rule 8(c), Ala. R. Civ. P., provides that affirmative defenses "shall" be raised in a responsive pleading. Generally, when a party fails to plead an affirmative defense, it is deemed to have been waived by operation of Rule 8(c).Harrell v. Pet, Inc., Bakery Div., 664 So.2d 204, 206
(Ala.Civ.App. 1994).
Rule 12(b), Ala. R. Civ. P., provides that the defense of lack of jurisdiction over the person may be made by motion or in a responsive pleading. If made by motion, it must be made before any responsive pleading. Rule 12(h) provides that "a defense of lack of jurisdiction over the person . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."
In response to the wife's complaint, the husband filed a general denial (except as to the existence of the marriage). His answer did not specifically plead the affirmative defense of lack of personal jurisdiction. He did not include this defense in any responsive pleading or in any amendment permitted by Rule 15(a). The issue did not arise until the trial judge raised it at the hearing.
The trial court erred when it declined to exercise personal jurisdiction over the husband. Our supreme court has held that when a defendant has been properly served; has filed a general-denial answer; has appeared through counsel, with notice of the hearing; and has not affirmatively raised the defense of lack of jurisdiction, the defendant has waived that defense. Republic National Bank of Dallas v. Howell,456 So.2d 58, 59 (Ala. 1984). The wife in the instant case received no notice that the husband intended to raise the affirmative defense of lack of personal jurisdiction. In fact, the testimony at the hearing tends to suggest that during pretrial negotiations the wife was led to believe that the husband would not challenge personal jurisdiction.
The trial court's final judgment of divorce did not adjudicate any of the wife's claims requiring personal jurisdiction over the husband. While the trial court apparently assumed it did not have personal jurisdiction over the husband, this conclusion is not supported by the pleadings.
The judgment divorcing the parties and awarding custody is affirmed. The case is reversed and remanded for further proceedings on the wife's claims not adjudicated in that judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 1303