This is the second time this case has been before this court. See McWhorter v. McWhorter, 705 So.2d 423 (Ala.Civ.App. 1997). The trial court divorced the parties in 1994, awarding custody of the parties' two minor children to the father and visitation to the mother. Subsequently, the mother petitioned the court to modify the divorce judgment, so as to award her custody of the children, alleging that the father had denied her visitation. The father denied the allegations and counterpetitioned to have the mother's visitation limited. The father alleged that the mother had threatened and intimidated the children and had inflicted physical violence upon them. The evidence indicated that the children were fearful of visits with the mother and had no desire to visit her. Both children testified that they would defy a court order that ordered them to visit the mother, even if it meant being incarcerated in a juvenile detention facility. Testimony from mental health professionals indicated that it would be very destructive and devastating to the children if they were placed with the mother. Following her testimony, the mother stated that she no longer believed that it was in the children's best interests for her to have custody or to force visitation; she moved to have her parental rights and obligations terminated. The court entered an order on January 2, 1997, finding that it was not in the best interests of the children to terminate the mother's parental rights; however, it suspended indefinitely the mother's child support obligation until such time as the children wanted to reestablish a relationship with the mother.
The father appealed and this court, on September 5, 1997,705 So.2d 423, relying upon State ex rel. Shellhouse v. Bentley,666 So.2d 517 (Ala.Civ.App. 1995), reversed the suspension of the mother's support obligation. Bentley involved facts almost identical to those in the instant case. In Bentley, we held that "parental support is a fundamental right" and, therefore, that "the waiver of rights of visitation in exchange for release from the duty of child support is a legal impossibility." Id., at 518. *Page 722 
On remand following our September 5, 1997, opinion, the trial court entered the following order:
 "Pursuant to [the] order of the Alabama Court of Civil Appeals dated 9/5/97 in Civil Appeals Case # 2960496, it is hereby
 "ORDERED, this Court's Judgment of [January 2, 1997,] is amended as follows:
 "1. Paragraph B is stricken and replaced with the following:
 "B. Commencing 11/1/97, the defendant shall pay child support as previously ordered in the Judgment dated 6/13/95. Pursuant to the Code of Alabama, Section 30-3-61, an Income Withholding Order shall be issued immediately reflecting the terms of this Court's Child Support Order, and served immediately upon the obligor's employer directing the employer to withhold and pay over the amount ordered to be paid for support."
The father now petitions this court for a writ of mandamus directing the trial court to order the mother to resume her support obligation as of the date of its January 1997 order suspending the support obligation. In other words, the father seeks back support for the period January 1997 through November 1997. He contends that the trial court's order on remand is inconsistent with this court's September 5, 1997, opinion and that it does not follow our mandate.
We note that a petition for a writ of mandamus is the proper method for reviewing the question whether on remand a trial court has complied with an appellate court's order remanding the case and to compel compliance if it has not. Ex parteUfford, 642 So.2d 973 (Ala. 1994). See also Ex parte Brown,562 So.2d 485 (Ala. 1990); Ex parte Breedlove, 673 So.2d 415
(Ala. 1995). The issues decided by an appellate court become the law of the case, and the trial court has a duty to comply with the appellate mandate according to the true intent and meaning of the mandate as determined by the reviewing court's directions. Walker v. Carolina Mills Lumber Co., 441 So.2d 980
(Ala.Civ.App. 1983). When the mandate of the appellate court is not clear, the court's opinion should be consulted. Id.
In the father's original appellate brief, he argued that the trial court's order suspending indefinitely the mother's support obligation should be reversed and he requested that the mother's support obligation be reinstated in accordance with the guidelines of Rule 32, Ala. R. Jud. Admin., as of the date of the trial court's January 1997 order. It was the intent of this court that the mother's support obligation be reinstated as of the date of the January 1997 order. Parental support is a fundamental right of all minor children. Bentley, supra.
"Although child support is paid to the custodial parent, it is for the sole benefit of the minor children." Id., 666 So.2d at 518. This court will not allow an erroneous ruling of the trial court deprive the minor children of their fundamental right of support. Accordingly, we grant the petition.
The Circuit Court of Cullman County is directed to enter an order reinstating the mother's support obligation as of the date of its January 1997 order and to determine the amount of support owed, including interest, through November 1, 1997.
WRIT GRANTED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.