This is the second time these parties have been before this court. See Foster v. Foster, 709 So.2d 1301 (Ala.Civ.App. 1998) ("Foster I"). The wife, who resided in Alabama, filed a complaint in the Circuit Court of Jefferson County, seeking a divorce from her husband, who resided in Washington. She sought, among other things, custody of the parties' four children and child support. The husband answered and did not contest that the trial court had personal jurisdiction over him. At trial, however, the court apparently concluded that it did not have personal jurisdiction over the husband. On March 17, 1997, the trial court divorced the parties but did not adjudicate any issue for which personal jurisdiction over the husband would be required. The wife appealed; this court reversed, holding that the husband had waived the defense of lack of personal jurisdiction. We remanded to the trial court for an adjudication of those claims in the wife's divorce action that required personal jurisdiction over the husband. Foster I.
On remand, the trial court conducted a hearing and entered a judgment that, among other things, ordered the husband to pay child support "effective June 1, 1998." The wife appeals. We note that when questions arise from the trial court's alleged failure to follow the directions of this court on remand, review may be had by an appeal or by a mandamus petition. Town of Daphne v. City of Fairhope, 284 Ala. 556, 226 So.2d 383 (Ala. 1969).
The wife first argues that the trial court erred in failing to provide, after the remand from this court, that its child-support order was retroactive to the date of the original divorce judgment.
In its original divorce judgment, dated March 17, 1997, the trial court divorced the parties and awarded custody of the four children to the wife. It was the intent of this court, in remanding this case, to have the trial court adjudicate those issues that it should have adjudicated when it entered its original order.
 "Parental support is a fundamental right of all minor children. [State ex rel. Shellhouse v.] Bentley, [666 So.2d 517 (Ala.Civ.App. 1995]. `Although child support is paid to the custodial parent, it is for the sole benefit of the minor children.' Id., 666 So.2d at 518. This court will not allow an erroneous ruling of the trial court [to] deprive the minor children of their fundamental right of support."
Ex parte McWhorter, 716 So.2d at 722. The trial court erred in failing to order that the father's child support be retroactive to the date of the original divorce judgment; on remand, the trial court is directed to make its child-support order effective as of the date of the original divorce judgment.
The wife next argues that the trial court erred in failing to rule as to which party was responsible for the medical insurance and other health-care needs of the parties' children. The Child Support Guidelines provide that "[a]ll orders establishing or modifying child support shall, at a minimum, provide for the children's health care needs through health insurance coverage or other means." Rule 32(A)(4), Ala. R. Jud. Admin. "Our supreme court has consistently held that the word `shall' is mandatory when used in a rule promulgated by that court." Martin v. Martin,637 So.2d 901 (Ala.Civ.App. 1994). Also, the comments to the Child Support Guidelines also suggest that the courts "may wish to consider" allocating between the parties any medical expenses that are not covered by insurance. See Comment, Rule 32, Ala. R. Jud. Admin.
The trial court's child-support order incorporates the parties' Form CS-42 calculation of child support; that form includes in the calculation of the parties' child-support obligation an amount equal to the cost of the wife's insurance for herself and the four children. Although it appears that the trial court intended that the wife be *Page 456 
responsible for the health-insurance coverage, the trial court's judgment does not refer to the parties' obligations regarding the children's health-care needs. On remand, the trial court is instructed to address in its judgment the issue of the parties' responsibilities for the children's health-care needs.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.