THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. The Henry Circuit Court ("the trial court") entered a judgment in which it, in pertinent part, divorced Felicia Wojtala ("the mother") and Thomas Wojtala ("the father"), awarded the mother custody of the parties' two minor children, and ordered the father to pay child support. The mother appealed, raising a number of issues. In Wojtala v. Wojtala, 241 So.3d 37 (Ala. Civ. App. 2017), this court, among other things, reversed that part of the judgment addressing the issue of child support. 241 So.3d at 40-42. This court determined, in pertinent part, that the trial court had erred in allowing the father certain credits against his $1,594.01 per month child-support obligation, resulting in the father owing only $242 per month in child support. This court entered its certificate of judgment on July 12, 2017.
On July 13, 2017, the mother moved the trial court for a hearing to address this court's holding in Wojtala v. Wojtala, supra. The mother later moved for an award of interest on unpaid child support. The trial court then asked the parties to brief certain issues related to the award of child support.
On October 24, 2017, the trial court entered a judgment redetermining the father's child-support obligation for both children for the period of June 1, 2016, through May 1, 2017, to be $1,527 per month. One of the children reached the age of majority in May 2017, so the trial court determined that the father's child-support obligation for the remaining minor child was $1,074 per month. The trial court then determined that the difference between the amounts it had awarded in the October 24, 2017, judgment and the amount of child support the father had paid under the original judgment that was reversed in Wojtala v. Wojtala, supra, and it found that the father owed a child-support arrearage of $15,466. In addition to his monthly child-support obligation, the trial court ordered the father to pay $200 *323 per month toward the accumulated child-support arrearage. The father filed a postjudgment motion, which was denied by the trial court. The father timely appealed.
On appeal, the father argues only that the trial court erred in making the child-support determination in the October 24, 2017, judgment "retroactive" to the date of the original divorce judgment. The father relies on Shirley v. Shirley, 361 So.2d 590 (Ala. Civ. App. 1978), in support of his argument.
In Shirley v. Shirley, supra, this court had earlier reversed an alimony award and support provision of a divorce judgment, and, on remand, the trial court recalculated those obligations and determined that the effective date of the new amounts was the date of this court's earlier decision and judgment. This court affirmed, holding:
"The reversal of a judgment, or a part thereof, wholly annuls it, or the part of it, as if it never existed. Birmingham Elec. Co. v. Alabama Pub. Serv. Comm'n, 254 Ala. 119, 47 So.2d 449 (1950). Another judgment rendered by a court with jurisdiction must thereafter replace it. Such was the effect of our reversal and remandment with direction in this case."
Shirley v. Shirley, 361 So.2d at 591. In reaching that holding, this court explained:
"A review of a final judgment on appeal is in effect a new case. Murphy v. Stewart, 43 U.S. 263, 2 How. 263, 11 L.Ed. 261 (1844). The jurisdiction of the trial court, at least in respect to the matters appealed is ousted and jurisdiction is reposed in the appellate court until it renders judgment with its mandate returning jurisdiction to the trial court. Its judgment becomes the law of the case as of that date. Douglass, Ex'r. v. City Council of Montgomery, 124 Ala. 489, 27 So. 310 (1899). The judgment by its terms may have retroactive application in some instances, particularly where there may have been a stay of the trial court's judgment. In the absence of such direction, as in this case, the increase of support and alimony directed by this court is effective on the date of its judgment. It is our opinion that the rule applies even when the appellate court reverses and renders, entering the judgment the trial court should have entered under the authority of § 12-22-70, Code of Alabama (1975)."
Id. (emphasis added).
Relying on the holding of Shirley v. Shirley, supra, the father contends that this court's decision in Wojtala v. Wojtala, supra, nullified the child-support provisions of the original divorce judgment and, therefore, that the trial court's award of the correct amount of child support could be effective only from the date of this court's decision in Wojtala v. Wojtala, supra.
However, in Kreitzberg v. Kreitzberg, 80 So.3d 925 (Ala. Civ. App. 2011) (" Kreitzberg I"), a husband appealed the property-division and periodic-alimony provisions of a judgment that divorced him from his wife. This court reversed the periodic-alimony award on the ground that the amount of that award was excessive, given the facts, and, because matters of alimony and property division are considered together, this court also reversed the property division. Kreitzberg I, supra. On remand from Kreitzberg I, the trial court in that case entered a new judgment dividing the parties' marital property, determining a new periodic-alimony award, and assessing an alimony arrearage for periods during the pendency of Kreitzberg I in which the husband had failed to make any periodic-alimony payment to the wife. The husband appealed, asserting several arguments pertaining to whether the trial court in that case could establish an arrearage *324 or hold him in contempt for failing to pay periodic-alimony during the pendency of the first appeal. Kreitzberg v. Kreitzberg, 131 So.3d 612 (Ala. Civ. App 2013) (" Kreitzberg II").
In Kreitzberg II, supra, the trial court redetermined the husband's periodic-alimony obligation and ordered that the husband pay an arrearage back to the time of the original divorce judgment based on that newly redetermined amount of periodic alimony. This court acknowledged that in Shirley v. Shirley, supra, it had held that the reversal of a judgment annuls that judgment. Kreitzberg II, 131 So.3d at 626 (citing Shirley v. Shirley, supra ). However, this court concluded that the trial court properly determined the husband's periodic-alimony arrearage as accruing from the date of the original divorce judgment but at the amount reflected in the new judgment. This court explained:
"Similarly, we cannot conclude that the trial court lacked the ability to calculate the husband's arrearage of alimony based on the amount of alimony it awarded in the March 1, 2012, judgment, which it entered in compliance with our remand instructions. The trial court determined that the husband was in contempt for failing to pay alimony pending the appeal. The trial court could not have calculated the husband's arrearage based on the $2,500-per-month alimony obligation that this court had reversed. Instead, the trial court, in compliance with our remand instructions, determined an appropriate amount of monthly alimony--$1,310.50. Based on that reduced amount of alimony, the trial court properly computed the husband's arrearage. Although our instructions on remand in Kreitzberg [I] did not contemplate calculation of an alimony arrearage, we think it implicit in reversals of this nature that the judgment on remand instituting an alimony obligation in compliance with the remand instructions of this court should be applied retroactively to the date of the judgment this court reversed. See Foster v. Foster, 733 So.2d 454, 455 (Ala. Civ. App. 1999) (holding that a child-support order entered in compliance with remand instructions from this court should be retroactive to the date of the divorce judgment reversed by this court); Ex parte McWhorter, 716 So.2d 720, 722 (Ala. Civ. App. 1998) (same); see also Smith v. Smith, 928 So.2d 287, 294 (Ala. Civ. App. 2005) (recognizing that a party who pays alimony pursuant to judgment that is later reversed on that issue may be entitled to reimbursement for the overpayment); Woolwine v. Woolwine, 549 So.2d 512, 514 (Ala. Civ. App. 1989) (same). We find no error on the part of the trial court in holding the husband in contempt for failing to pay alimony pending the appeal or in calculating the husband's arrearage based on the reduced amount of alimony the trial court awarded in its March 1, 2012, judgment on remand."
Kreitzberg II, 131 So.3d at 627.
In a case involving child support, Foster v. Foster, 733 So.2d 454 (Ala. Civ. App. 1999), cited in Kreitzberg II, supra, the trial court entered a new child-support judgment after a reversal from this court, but the trial court made its new child-support determination effective as of the entry of that new judgment. This court reversed, holding that the trial court should have determined the mother's child-support obligation as of the date of the original divorce judgment. In so holding, this court stated:
"In its original divorce judgment, dated March 17, 1997, the trial court divorced the parties and awarded custody of the four children to the wife. It was *325 the intent of this court, in remanding this case, to have the trial court adjudicate those issues that it should have adjudicated when it entered its original order.
" 'Parental support is a fundamental right of all minor children. [State ex rel. Shellhouse v.] Bentley, [666 So.2d 517 (Ala. Civ. App. 1995) ]. "Although child support is paid to the custodial parent, it is for the sole benefit of the minor children." Id., 666 So.2d at 518. This court will not allow an erroneous ruling of the trial court [to] deprive the minor children of their fundamental right of support.'
" Ex parte McWhorter, 716 So.2d 720 at 722 (Ala. Civ. App. 1998). The trial court erred in failing to order that the father's child support be retroactive to the date of the original divorce judgment; on remand, the trial court is directed to make its child-support order effective as of the date of the original divorce judgment."
Foster v. Foster, 733 So.2d at 455.
In Ex parte McWhorter, 716 So.2d 720 (Ala. Civ. App. 1998), after this court reversed a judgment suspending a mother's child-support obligation, the trial court entered a new judgment requiring the mother to pay child support from the date of the new judgment. The father appealed, arguing that the child-support award should have been effective from the date of the original judgment that had been reversed on appeal. This court agreed, stating that "[i]t was the intent of this court that the mother's support obligation be reinstated as of the date of the [original] order. Parental support is a fundamental right of all minor children." Ex parte McWhorter, 716 So.2d at 722.
We acknowledge that Shirley v. Shirley, supra, provides that the portions of a judgment that are reversed by an appellate court are null and are deemed replaced by a new judgment. However, more recent caselaw has determined that the judgments that replace a reversed judgment may date back to the date of the original judgment. Kreitzberg II, supra ; Foster v. Foster, supra ; and Ex parte McWhorter, supra. We conclude that that position is particularly equitable in situations involving a redetermination of child support after a reversal. The position advocated by the father in this case is contrary to the fundamental rights of the children to parental support. See, e.g., Foster v. Foster, supra (parental support is a fundamental right); Ex parte McWhorter, supra (same). It would operate to deprive the children of needed child support during the length of time any appeal might be pending before an appellate court, and it would allow the father to benefit from a mistake made by the trial court. To the extent that Shirley v. Shirley, supra, holds otherwise, it is expressly overruled.
This court held in its decision in Wojtala v. Wojtala, supra, that the trial court had erred in establishing the father's child-support obligation at $242 per month. In its October 24, 2017, judgment, the trial court corrected its determination of the amount of child support due to the parties' children, and it established that child-support obligation as dating back to the date of the original child-support order. Given the policy of ensuring appropriate support for the children of divorced parents, as well as our holdings in Kreitzberg II, supra, Foster v. Foster, supra, and Ex parte McWhorter, supra, we cannot say that the father has demonstrated that the trial court erred.
The father has raised no other issues on appeal, and, therefore, any other issues have been waived. See Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982) ("When an appellant fails to argue an issue in its *326 brief, that issue is waived."). Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.