Rel: October 11, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0393
_____

### Ellana Johnson

### v.

### Tim Windham and Bolivia Windham

### Appeal from Geneva Circuit Court
### (CV-24-900026)

MOORE, Presiding Judge.

Ellana Johnson ("the tenant") appeals from a judgment entered by the Geneva Circuit Court ("the trial court") dismissing her complaint against Tim Windham and Bolivia Windham ("the landlords"). We reverse the trial court's judgment and remand the case with instructions.

On August 27, 2023, the tenant entered into a residential lease agreement with the landlords, pursuant to which she was allowed to

occupy a mobile home ("the mobile home"), which was located in Slocumb, for a period of one year. On March 12, 2024, the landlords notified the tenant that she was being evicted from the mobile home effective March 26, 2024. On March 13, 2024, the tenant vacated the mobile home, but she left her personal property in the home. On March 14, 2024, law-enforcement officers entered the mobile home, finding it in a disheveled condition with an electric stove running; the landlords deactivated the electric service running to the mobile home, locked the deadbolt on the door of the mobile home, and closed the gate on the real property on which the mobile home was situated. On March 19, 2024, the landlords gave the tenant access to the mobile home, and the tenant returned to the mobile home and gathered some of her personal property.

On March 21, 2024, the tenant commenced a civil action by filing a complaint against the landlords. In her complaint, the tenant claimed that the landlords had failed to properly notify her of the termination of the lease and that the landlords had unlawfully evicted her from the mobile home in violation of the Alabama Uniform Residential Landlord Tenant Act ("the Act"), Ala. Code 975, § 35-9A-101 et seq. The tenant

requested that the trial court enter a temporary restraining order requiring the landlords to comply with the Act and to allow her to regain unfettered access to the mobile home. The tenant also demanded damages for the allegedly unlawful eviction.

On March 22, 2024, the trial court entered an ex parte temporary restraining order ("the TRO") granting the tenant access to the mobile home, enjoining the landlords from interfering with her access, and requiring the landlords to comply with the notice and unlawful-eviction provisions of the Act. That same date, the tenant retrieved most of her remaining personal property from the mobile home. On March 24, 2024, the landlords were served with the TRO. On April 2, 2024, the landlords requested a hearing regarding the TRO; the trial court granted the request and scheduled a hearing regarding the TRO to take place on April 11, 2024.

On April 11, 2024, after the hearing, in which the trial court heard testimony from Tim Windham and the tenant, the trial court found that the tenant had abandoned the mobile home and that she had not paid the rent due for April 2024. The trial court entered an order dissolving the

3

TRO and dismissing the action. On April 23, 2024, the tenant filed a postjudgment motion, arguing that the trial court had erred in dismissing the action without holding a trial on her claim for damages based on the landlords' alleged violations of the Act. On April 24, 2024, the trial court denied the postjudgment motion. The tenant filed a notice of appeal on May 28, 2024.

On appeal, the tenant argues that the trial court erred in dismissing the action based solely on the TRO hearing.[1] We agree. In Robinson v. Robinson, [Ms. CL-2022-1290, Sept. 8, 2023] ___ So. 3d ___ (Ala. Civ. App. 2023), the Etowah Circuit Court ("the circuit court") entered an ex parte order restraining a father from visiting with his child. The circuit court subsequently conducted a hearing on whether the ex parte order should be dissolved or continued. Following the conclusion of the hearing, the circuit court entered a final judgment modifying the

---

[1]The tenant does not argue that the TRO should not have been dissolved, which argument could have been raised only in an appeal filed within 14 days from the entry of the final judgment. See Rule 4(a)(1)(A), Ala. R. App. P. Because she filed her notice of appeal within 42 days of the entry of the denial of her postjudgment motion, the tenant's appeal is limited solely to the dismissal of her claims seeking damages for violations of the Act. See Rule 4(a)(3), Ala. R. App. P.

father's visitation rights. The mother filed a postjudgment motion, arguing that the circuit court had erroneously entered a final judgment without first conducting a trial on the merits; the circuit court denied the postjudgment motion. On appeal, this court held that the circuit court had "erred to reversal in entering a 'Final Order,' purportedly on the merits, after conducting only a hearing on whether to continue the suspension of the father's visitation with the child as provided in the ex parte order." ___ So. 3d at ___.

In this case, the tenant sought both injunctive relief and damages for the landlords' alleged violations of the Act. The trial court notified the parties that it would hear the landlords' motion "regarding" the TRO on April 11, 2024. At the outset of the hearing, the trial court repeated that its purpose was to hear the landlords' motion, and it ruled during the hearing that only evidence relating to that motion would be admitted. After the hearing, however, the trial court not only dissolved the TRO, but it also dismissed the action, which dismissal was an adjudication on the merits. See Rule 41(b), Ala. R. Civ. P. Like in Robinson, we conclude that the trial court erred to reversal in entering a final judgment on the

5

merits based solely on the TRO hearing. Even if the trial court properly disposed of the claim for injunctive relief, it could not have properly adjudicated the claim for damages.

The tenant also argues that the trial court erred in dismissing the action based on its determination that the tenant had abandoned the mobile home and had not paid her April 2024 rent. We do not reach this issue because we have reversed that portion of the judgment dismissing the action, thereby vacating the adjudication on the merits. See Shirley v. Shirley, 361 So. 2d 590, 591 (Ala. Civ. App. 1978) ("The reversal of a judgment, or a part thereof, wholly annuls it, or the part of it, as if it never existed."). Accordingly, this issue is moot.

Conclusion

Based on the foregoing reasoning, we reverse the trial court's judgment and remand the case for the trial court to decide the case on the merits and to take such further action and to conduct such further proceedings as are consistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.